JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
E-Mail: joshua.sliker@jacksonlewis.com

J. MELISSA WOODS*
N.C. State Bar No. 21313
FLORENCE THOMPSON*
N.C. State Bar No. 55195
200 South College Street
Suite 1550, 15th Floor
Charlotte, North Carolina 28202
Telephone: (980) 465-7237
E-Mail: melissa.woods@jacksonlewis.com
E-Mail: florence.thompson@jacksonlewis.com

*PRO HAC VICE APPLICATION FORTHCOMING

*Attorneys for Defendant Facility Concessions Services d/b/a Spectrum Concessions LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALEXANDER OCASIO,<br><br>    Plaintiff,<br><br>v.<br><br>FACILITY CONCESSIONS SERVICES d/b/a SPECTRUM CONCESSIONS, JANE AND JOHN DOE UNKNOWN INDIVIDUALS OR ENTITIES,<br><br>    Defendants. | Case No.: 2:22-cv-02032-CDS-VCF<br><br>**DEFENDANT'S MOTION FOR AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING**<br><br>**(First Request)** |

    Defendant Facility Concession Services d/b/a Spectrum Concessions LLC ("Defendant"), by and through undersigned counsel, and pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, and Local Rules 1A 6-1, and 1A 11-2, respectfully requests a 15-day extension of time, to April 11, 2023, to file a responsive pleading to Plaintiff's, Alexander Ocasio, ("Plaintiff")

Complaint. (ECF No. 1.) This is Defendant's first requested extension. This Motion for an Extension of Time to File a Responsive Pleading (the "Motion") is based on the pleadings and papers on file in this case, the following memorandum of points and authorities, and any oral argument the Court deems proper.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     BACKGROUND**

On or about December 7, 2022, Plaintiff filed a Complaint (ECF No. 1) with this Court alleging, *inter alia,* claims of discrimination against the Defendant between the dates 2015 and 2019. Service of the Complaint was made to Defendant on or about March 3, 2023, and was accepted by one of Defendant's staff members who worked in the controller's office. On or about March 8, 2023, the Complaint was forwarded to Defendant's counsel's office.

As Defendant's policy is for all legal documents to be immediately forwarded to the legal department, Defendant's counsel mistakenly believed March 8, 2023, was the day of service. Additionally, counsel noted the Declaration of Service (ECF No. 7) was filed with the Court on March 9, 2023, adding to her misinterpretation of the service date. Thus, counsel miscalculated the date to respond to the Complaint as March 29, 2023, instead of March 24, 2023.

**II.     DEFENDANT'S ERROR OF MISSING THE FILING DEADLINE WAS A MISTAKE DUE TO EXCUSABLE NEGLECT. THEREFORE, THE COURT SHOULD GRANT THE MOTION.**

Federal Rule of Civil Procedure 6(b)(1)(B) permits the Court, for good cause shown, to extend the time to file an Answer or otherwise respond to a pleading after the time has expired if the party failed to act because of excusable neglect.

The Supreme Court established a four-part balancing test for determining whether there has been excusable neglect. *Pioneer Inv. Servs Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The *Pioneer* factors include: (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for delay, and (4) whether the moving party's conduct was done in good faith. *Id*. The Ninth Circuit held that the term

excusable neglect covers cases of negligence, carelessness and inadvertent mistake. *Batement v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000).

In *Snow Covered Cap., LLC v. Fonfa*, the defendant failed to file a timely response to a motion to strike. No. 2:22-cv-01181, 2023 U.S. Dist. LEXIS 7476, at *1 (D. Nev. Jan. 17, 2023). The Court granted the plaintiff's Motion to Strike, and the defendant then moved the Court to reconsider, arguing that a calendaring error caused him to miss the deadline. *Id.* The Court held that there was excusable neglect and good cause to grant the motion to reconsider. *Id.* at *4. As the Court stated, "[c]alendar errors happen to many attorneys at some point in their career." *Id; see also Amtrust Int'l Underwriters, Ltd. v. Findlay*, No. 2:18-CV-00652-JCM-VCF, 2019 U.S. Dist. LEXIS 146641, at *4-5 (D. Nev. Aug. 20, 2019) (granting a motion to extend a deadline after finding excusable neglect when the defendants' counsel missed the deadline due to a calendaring oversight).

In this case, Defendant has met all the factors for excusable neglect, and this Court should grant the motion to extend Defendant's time to file a responsive pleading in response to Plaintiff's Complaint.

First, there is no prejudice to Plaintiff by granting this motion for extension of time. The allegations in the Complaint relate back to 2015, and Plaintiff did not file this Complaint until 2022. Additionally, this case is clearly in its beginning stages as the Complaint and Summons were only served on March 3, 2023. As a result, no prejudice would come to Plaintiff by allowing Defendant's request for a short extension of time.

Second, the length of delay is minimal. Defendant missed the deadline by one day. Had Defendant moved for an extension of time on March 24, 2023, the request would have been for at least an additional 30 days to respond. Finally, as no default judgment has been entered, and the Court has not entered a Scheduling Order, there is no undue delay that would significantly impact the legal proceedings or the Court's calendaring.

Third, Defendant's counsel honestly, although mistakenly, believed that its response was not due until March 29, 2023. As demonstrated in the cases above, this inadvertent miscalculation of the deadline should not preclude the Court from finding excusable neglect. *Snow Covered Cap.,*

2023 U.S. Dist. LEXIS 7476, at *4. Moreover, there is a strong preference that cases filed with in this Circuit be decided on their merits, not dismissed on a technicality. *NewGen, Ltd. Liab. Co. v. Safe Cig, Ltd. Liab. Co.*, 840 F.3d 606, 616 (9th Cir. 2016). The Ninth Circuit generally disfavors default judgments finding that "cases should be decided upon their merits whenever reasonably possible." *Id.* To grant Plaintiff a default judgment based on a one-day delay, and an inadvertent error on the part of Defendant, would not serve the interests of justice.

Finally, this Motion is Defendant's first request for any extension. Thus, Defendant's conduct was done in good faith and not for purposes of undue delay.

### III.   CONCLUSION

For the reasons discussed herein, Defendant respectfully requests that the Court grant its Motion for Extension of Time to File a Responsive Pleading.

Dated this 27th day of March, 2023.

**JACKSON LEWIS P.C.**

*/s/ Joshua A. Sliker*
JOSHUA A. SLIKER
Nevada Bar No. 12493
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101

J. MELISSA WOODS*
N.C. State Bar No. 21313
FLORENCE THOMPSON*
N.C. State Bar No. 55195
200 South College Street
Suite 1550, 15th Floor
Charlotte, North Carolina 28202

*PRO HAC VICE APPLICATION FORTHCOMING

*Attorneys for Defendant Facility Concessions Services d/b/a Spectrum Concessions LLC*

IT IS SO ORDERED.

_____
Cam Ferenbach
United States Magistrate Judge

DATED   4-17-2023

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of Jackson Lewis P.C., and that on this 27th day of March, 2023, I caused to be served via first class mail and this Court's electronic filing system, a true and correct copy of the above foregoing **DEFENDANT'S MOTION FOR AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING (FIRST REQUEST)** properly addressed to the following:

Alexander Ocasio
6500 West Charleston Blvd.
#447
Las Vegas, NV 89146
*Pro Se Plaintiff*

/s/ Joshua A. Sliker
Employee of Jackson Lewis P.C.