JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Email: joshua.sliker@jacksonlewis.com

J. MELISSA WOODS, ESQ.
*Admitted Pro Hac Vice*
FLORENCE THOMPSON, ESQ.
*Admitted Pro Hac Vice*
200 South College Street
Suite 1550, 15th Floor
Charlotte, North Carolina 28202
Telephone: (980) 465-7237
Email: melissa.woods@jacksonlewis.com
Email: florence.thompson@jacksonlewis.com

*Attorneys for Defendant Facility Concession Services*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| **ALEXANDER OCASIO,**<br><br>    **Plaintiff,**<br><br>    vs.<br><br>**FACILITY CONCESSION SERVICES D/B/A**<br><br>**SPECTRUM CONCESSIONS, JANE AND JOHN DOE,**<br><br>**100 UNKNOWN INDIVIDUALS OR ENTITIES,**<br><br>    **Defendant.** | Case No.: 2:22-cv-02032-CDS-VCF<br><br>**STIPULATION AND [PROPOSED] ORDER TO STAY DISCOVERY**<br><br>**(FIRST REQUEST)** |

Plaintiff Alexander Ocasio ("Plaintiff"), *pro se*, and Defendant Facility Concession Services ("Defendant"), by and through its counsel, the law firm of Jackson Lewis P.C., hereby stipulate and agree that discovery shall be stayed until the Court decides on Defendant's Motion to Dismiss (ECF No. 24). This Joint Stipulation is submitted and based upon the following:

1. Plaintiff filed his Complaint on December 7, 2022. ECF No. 2. Plaintiff served Defendant with the Complaint on March 3, 2023. ECF No. 7.

2. Defendant filed its Answer to the Complaint on April 7, 2023. ECF No. 10.

3. Plaintiff filed his Amended Complaint on April 25, 2023. ECF No. 15.

4. In response to Plaintiff's Amended Complaint, on June 5, 2023, Defendant filed its Motion to Dismiss Plaintiff's Amended Complaint. ECF No 24.

5. On August 8, 2023, after the parties conferred, the Court entered a Scheduling Order in which the deadline for discovery is January 31, 2024; the dispositive motion deadline is March 1, 2024; and the pretrial order is due by April 1, 2024. ECF No. 43.

6. Courts have broad discretionary power to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a just, speedy, and inexpensive determination of every action." *Duffy v. ASNY NY, LLC*, 2022 U.S. Lexi 97470 *5 (D. Nev. May 31, 2022) (internal citations omitted). Although "staying discovery [may] . . . slightly delay the action," a slight delay would not impede the objective of Rule 1. *Long v. Gamo Outdoor S.L.U.*, 2022 U.S. Dist. LEXIS 127598 *6 (D. Nev. July 18, 2022). Even when a Motion to Dismiss may not dispose of the entire case, "proceeding with certain categories of discovery [can be] highly inefficient." *Norman v. Geico Advantage Ins. Co.* 2020 U.S. Dis. Lexis143074 *2 (D. Nev. Aug. 10 2020). Therefore, evaluating the efficacy of entering a stay should not be ignored by the Courts because "[d]iscovery is expensive." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).

7. In light of the foregoing and the mandate of FRCP 1, the parties seek a stay of discovery pending the Court's decision on Defendant's Motion to Dismiss Plaintiff's Complaint. If granted in its entirety, Defendant's Motion would completely dispose of the case. If granted in part, Defendant's Motion will narrow the issues upon which discovery may be needed. As a result, the parties believe that the requested stay will preserve not only their respective resources, but also judicial resources. Thus, the parties submit that good cause exists to stay discovery until the Court decides Defendant's Motion to Dismiss.

8. If any of Plaintiff's claims remain following the Court's resolution of Defendant's Motion to Dismiss, the parties will submit an Amended Discovery Plan and Scheduling Order for the Court's approval within fourteen (14) days after the date of the Court's Order.

9. This request is made in good faith and not for the purpose of delay.

10. Nothing in this Joint Stipulation, nor the fact of entering to the same, shall be construed as waiving any claim or defense held by any party, including waiving the right of any party to conduct discovery.

Dated this 30th day of August, 2023.

| | |
|---|---|
| */s/ Joshua Sliker* | */s/ Alexander Ocasio* |
| JOSHUA A. SLIKER, ESQ. | Plaintiff Alexander Ocasio |
| Nevada Bar No. 12493 | |
| **JACKSON LEWIS P.C.** | |
| 300 S. Fourth Street, Suite 900 | |
| Las Vegas, Nevada 89101 | |

J. MELISSA WOODS, ESQ.
*Admitted Pro Hac Vice*
FLORENCE THOMPSON, ESQ.
*Admitted Pro Hac Vice*
200 South College Street
Suite 1550, 15th Floor
Charlotte, North Carolina 28202

*Attorneys for Defendant Facility Concession Services*

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

Dated: 9-5-2023