UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Alexander Ocasio,<br><br>                    Plaintiff<br><br> v.<br><br>Facility Concession Services d/b/a Spectrum Concessions, et al.,<br><br>                    Defendants | Case No. 2:22-cv-02032-CDS-MDC<br><br>**Order Granting Defendants' Motion to Dismiss and Closing Case**<br><br>[ECF No. 24] |

Pro se plaintiff Alexander Ocasio brings this civil-rights action against Facility Concession Services, doing business as Spectrum Concessions, and numerous unnamed defendants, alleging discrimination on the basis of race, national origin, and age, in violation of Title VII and the Age Discrimination Act of 1990, as well as a claim for retaliation. *See* Am. Compl., ECF No. 15. Defendant Spectrum Concessions moves to dismiss the amended complaint for lack of subject-matter jurisdiction, and for failing to state a claim upon which relief can be granted. Mot. to Dismiss, ECF No. 24. Ocasio opposes the motion, arguing that it should be denied, or in the alternative, that he should be given leave to amend. Resp., ECF No. 29.

For the reasons herein, I grant defendant's motion to dismiss because I find that Ocasio's claims are time barred. Since amendment would be futile,[1] I deny leave to amend and dismiss this case with prejudice. Accordingly, I kindly ask the Clerk of Court to close this case.

**I.    Background information**

From 2013 through 2015, Ocasio was hired to work at the "Life is Beautiful" music festival in Las Vegas, Nevada. ECF No. 15 at ¶¶ 7, 11. Spectrum Concessions took over as the festival's alcohol and liquor vender in 2014. *See id.* at ¶ 9. During the 2015 festival, Ocasio, who

---

[1] This includes dismissal of the unidentified Doe and unnamed defendants as I am dismissing this action as time barred. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) ("where the identity of the alleged defendant[ ] [is] not [ ] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear . . . that the complaint would be dismissed on other grounds.").

alleges he was born in 1968,[2] was hired by Spectrum Concessions and was assigned to work a Fernet Promotional Booth along with several other bartenders. *Id.* at ¶ 15. Ocasio witnessed other staffers request to relocate to other stations, believing they could make more money elsewhere. *Id.* at ¶ 16. Ocasio alleges that "two younger white women and a younger male" were permitted to relocate to another bar, but his request was denied. *Id.* at ¶¶ 16, 17. Upset that his request to relocate to another bar was denied, Ocasio advised staff management that he would not work the remainder of the festival, even though he had been hired to work all three days of festival. *Id.* at ¶ 18. Ocasio did not return to work the following two days. *Id.*

Ocasio also alleges that he complained to Spectrum Concessions about the way he was treated during the 2015 Life is Beautiful festival, naming "unfair and unequal labor practices." *Id.* at ¶ 19. Ocasio alleges that, as a result of his complaint, he has been "black balled/red flagged," and therefore has been denied employment with the festival every year since. *Id.* at ¶ 19. As set forth in the complaint, Ocasio reapplied to work the festival on August 19, 2019 for the purpose of either obtaining employment, or "to shore up a new claim." *Id.* at ¶ 20. Ocasio alleges that he discussed the alleged discrimination with [Evan][3] Croner, who is identified by Ocasio as "an agent for Spectrum," who advised that Ocasio was "red-flagged" and would not be hired again. *Id.* at ¶¶ 20–21. Ocasio alleges that the defendant discriminated against him based on his "color, national origin, and age[,]" and further alleges that defendant's discrimination is a continuing offense. *Id.* at ¶ 22.

## II.   Legal Framework

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give

---

[2] Amended Complaint, ECF No. 15 at ¶ 22.
[3] Defendant's motion clarifies that Croner's first name is Evan, not Adam as alleged in the complaint. ECF No. 24 at 3 n.1. Croner is identified as the owner of RNE, the company which initially hired Ocasio back in 2014. *Id.* at 24.

fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This standard "asks for more than a sheer possibility that the defendant has acted unlawfully." *Id.* But "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, legal conclusions are not awarded this same presumption just because they are cast in the form of factual allegations. *Twombly*, 550 U.S. at 555. A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Id.* at 556. And if I grant a motion to dismiss, I should grant leave to amend even if no request to amend is made unless I determine that the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

At the motion to dismiss stage, the court only considers the well-pleaded allegations in the plaintiff's complaint. *Twombly*, 550 U.S. at 555. Typically, when a party submits evidence outside the pleadings in a motion to dismiss, the court converts the motion to a motion for summary judgment and imposes Rule 56's standard. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). However, there are exceptions to the conversion rule, which include consideration of documents that are properly judicially noticed. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *see also Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

### III. Analysis

Liberally construing the amended complaint,[4] it appears that Ocasio brings three claims for relief: (1) race and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII); (2) age discrimination in violation of the Age Discrimination in Employment Act (ADEA) of 1967; and (3) retaliation, also in violation of Title VII.[5] *See* ECF No. 15. For the following reasons, Ocasio's Title VII and ADEA claims for relief are time barred.

**A. Ocasio's claims are time-barred.**

*1. 2015–2018 festivals*

Under Title VII of the Civil Rights Act of 1964, a plaintiff has 300 days after an "alleged unlawful employment practice occurred" in which to file an employment-discrimination charge with the EEOC. 42 U.S.C. § 2000e-5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). The same is true of the ADEA. 29 U.S.C. § 626(d)(B). The Supreme Court has long held that a discrete retaliatory or discriminatory act "occurred" on the day that it "happened." *Nat'l R.R. Passenger Corp.*, 536 U.S. at 110. Thus, a party **must** file a charge within either 180 or 300 days of the date of the act or lose the ability to recover for it. *Id.* (emphasis added). This applies even where "discrete acts" have connections to other acts. *See id.* (citing *Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO, Loc. 790 v. Robbins & Myers, Inc.*, 429 U.S. 229, 234 (1976)). Ocasio failed to do so, and his claims are time-barred as a result.

---

[4] "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

[5] Though defendant's motion addresses a putative hostile work environment claim, and Ocasio defends this claim in his opposition, the court does not construe the amended complaint as bringing that claim for relief. Per the allegations, Ocasio quit after working only one day. Simply, the amended complaint does not raise any allegations plausibly typifying the kind of severe or pervasive behavior requisite to establish a hostile work environment. Rather, he complains of being denied a request to transfer to another bar—once—and the rest of his claims relate to defendants' alleged actions after he was no longer employed. Even liberally construing the complaint, the court cannot plausibly interpret the assertion of a hostile work environment claim from these allegations.

Assuming that the 2015 alleged incident of not being transferred to another bar constitutes an adverse employment action, it falls well outside the aforementioned timeline. Ocasio's allegations related to the 2016–2018 festivals fare no better; assuming that not being rehired by the defendant qualifies as an adverse employment action, those claims fail because they were brought well outside the required filing deadlines. Ocasio's attempt to save those claims by arguing that defendant's actions constituted a continuing offense is unavailing. Ocasio's applications, and subsequent failures to be hired for each year, constitute separate, discrete acts. *See, e.g., Johnson v. Hawai'i Dep't of Educ.*, 2013 U.S. Dist. LEXIS 92995, *24 (D. Haw. July 2, 2023) ("[E]ach incident where the [employer] refused to hire Plaintiff constitutes a 'discrete act.'") (citing *Nat'l R.R. Passenger Corp.*, 536 U.S. at 113 ("[D]iscrete discriminatory acts are not actionable if time barred.")). Thus, any claims of each incident to re-hire related to years 2015–2018 are time-barred.

### 2. 2019 festival

That leaves the allegation related to Ocasio's 2019 application. The complaint alleges that Ocasio again applied to work the festival on August 19, 2019. ECF No. 15 at ¶ 20. Ocasio filed his discrimination charge with the Equal Employment Opportunity Commission on June 13, 2020—299 days later. While this claim is seemingly not time barred, "[a] new violation does not occur, and a new charging period does not commence, upon the occurrence of subsequent nondiscriminatory acts that entail adverse effects resulting from past discrimination." *Holloway v. Best Buy Co.*, 2009 WL 1533668, at *6 (N.D. Cal. May 28, 2009) (citing *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 628 (2007)). Stated otherwise, a "fresh violation" takes place only when the employer engages in a *new*, intentionally discriminatory act. *Id.* (emphasis added). Ocasio fails to allege a "fresh violation" that would restart the filing clock and cannot do so; the 2019 allegation is inextricably tied to Ocasio's claim that he was not rehired on the basis of discrimination after lodging a complaint during the 2015 festival. The amended complaint fails to set forth *any* allegation showing that Ocasio was not hired based on some sort of unlawful

discrimination unrelated to the 2015 event. Accordingly, the 2019 allegation is also time barred. Given that the allegations are time barred, I dismiss all claims with prejudice.

### IV. Leave to Amend

The Ninth Circuit has long held that leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Fed. R. Civ. P. 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178 (1962).

I decline to grant Ocasio leave to amend. Ocasio's allegations are time barred and thus no amendment would cure them. Moreover, the court notes that, per Ocasio's own allegations, he applied to work for defendants during the 2019 Life is Beautiful festival in part to "shore up" a claim for relief. Amended Complaint, ECF No. 15 at ¶15. This suggests bad faith on Ocasio's part. Accordingly, Ocasio's request for leave to amend (ECF No. 29 at 4–5) is denied. The claims for relief are denied with prejudice.

### V. Conclusion

IT IS THEREFORE ORDERED that defendants' motion to dismiss **[ECF No. 24] is GRANTED**.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

DATED: January 17, 2024

_____
Cristina D. Silva
United States District Judge