UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Alexander Ocasio,<br><br>　　　　　　Plaintiff<br><br>　v.<br><br>Facility Concession Services d/b/a Spectrum Concessions, et al.,<br><br>　　　　　　Defendants | Case No. 2:22-cv-02032-CDS-MDC<br><br>Order Granting in Part and Denying in Part Ocasio's Motion for Relief From Judgment or Order and Granting the Parties' Motions to Extend *Nunc Pro Tunc*<br><br>[ECF Nos. 51, 53, 54] |

　　　This is a civil-rights action brought by pro se plaintiff Alexander Ocasio against Facility Concession Services, doing business as Spectrum Concessions, and numerous unnamed defendants, alleging discrimination based on race, national origin, and age, in violation of Title VII and the Age Discrimination Act of 1990, as well as retaliation. *See* Am. Compl., ECF No. 15. On January 17, 2024, the court entered an order granting defendants' motion to dismiss and closing the case (Order, ECF No. 48) and separately entered judgment in favor of defendants (J., ECF No. 49). On February 12, 2024, Ocasio filed a request for additional time to file a motion for relief from judgment or order. ECF No. 51. On February 16, 2024, Ocasio filed his motion for relief from judgment or order. ECF No. 53. Defendants filed a motion to extend time to respond on February 23, 2024. ECF No. 54. The motion for relief from judgment is now fully briefed. ECF Nos. 57; 58. For the reasons herein, I deny in part and grant in part Ocasio's motion for relief from judgment or order and grant *nunc pro tunc* the parties' requests for additional time.

I.　　Background

　　　From 2013 through 2015, Ocasio was hired to work at the "Life is Beautiful" music festival in Las Vegas, Nevada. ECF No. 15 at ¶¶ 7, 11. Spectrum Concessions took over as the festival's alcohol and liquor vender in 2014. *See id.* at ¶ 9. During the 2015 festival, Ocasio, who

alleges he was born in 1968,¹ was hired by Spectrum Concessions and was assigned to work a Fernet Promotional Booth along with several other bartenders. *Id.* at ¶ 15. Ocasio witnessed other staffers request to relocate to other stations, believing they could make more money elsewhere. *Id.* at ¶ 16. Ocasio alleges that "two younger white women and a younger male" were permitted to relocate to another bar, but his request was denied. *Id.* at ¶¶ 16, 17. Upset that his request to relocate to another bar was denied, Ocasio advised staff management that he would not work the remainder of the festival, though he had been hired to work all three days of festival. *Id.* at ¶ 18. Ocasio did not return to work the following two days. *Id.*

Ocasio also alleges that he complained to Spectrum Concessions about the way he was treated during the 2015 Life is Beautiful festival, naming "unfair and unequal labor practices." *Id.* at ¶ 19. Ocasio alleges that, because of his complaint, he was "black balled/red flagged," and since then has been denied employment with the festival every year since. *Id.* at ¶ 19. As set forth in the complaint, Ocasio reapplied to work the festival on August 19, 2019 for the purpose of either obtaining employment, or "to shore up a new claim." *Id.* at ¶ 20. Ocasio alleges that he discussed the alleged discrimination with [Evan]² Croner, who is identified by Ocasio as "an agent for Spectrum," who advised that Ocasio was "red-flagged" and would not be hired again. *Id.* at ¶¶ 20–21.

II.     Legal Framework

A motion to reconsider a final appealable order is appropriately brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). A motion for reconsideration is not an avenue to present arguments already raised; that is, a motion for reconsideration is not a mechanism for an unsuccessful party to reiterate arguments previously presented. *See Maraziti v. Thorp*, 52 F.3d 252,

---

¹ *Id.* at ¶ 22.
² Defendants' motion to dismiss clarifies that Croner's first name is Evan, not Adam as alleged in the complaint. ECF No. 24 at 3 n.1. Croner is identified as the owner of RNE, the company which initially hired Ocasio back in 2014. *Id.* at 24.

2

255 (9th Cir. 1995); *Khan v. Fasano*, 194 F. Supp. 2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment."). "In order for a party to demonstrate clear error, the moving party's arguments cannot be the same as those made earlier." *Glavor v. Shearson Lehman Hutton, Inc.*, 879 F. Supp. 1028, 1033 (N.D. Cal. 1994) (citing *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985)).

Under Rule 60(b), reconsideration is appropriate only upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) an adverse party's fraud, misrepresentation, or other misconduct; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b); *see also Kona Enters, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law).

A party can obtain relief under Rule 60(b) only upon an adequate showing of exceptional or extraordinary circumstances. *Maraziti*, 52 F.3d at 254. Errors of law are cognizable under Rule 60(b)(1). *Kingvision Pay–Per–View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999).

### III.   Analysis

Ocasio argues that the court erred in finding that the 2019 incident was not a "fresh" act of discrimination because "Defendant failed to hire Plaintiff on August 19, 2019 after he had again complained of being discriminated [against]" which "indeed accounts [sic] to illegal 'Retaliation'[.]" ECF No. 53 at 4. To the extent Ocasio seeks to reverse the ruling on his 2019 discrimination claims, for the reasons outlined below, the court declines to do so. However, the court liberally construes Ocasio to also be arguing that dismissing his 2019 retaliation claim was improper because it can be conceptually severed from the prior acts of discrimination. While defendants are correct that Ocasio did not make this argument in the motion to dismiss briefing, in the interest of justice and in recognition of Ocasio's pro se status, the court considers that

argument here. For the following reasons, the court gives Ocasio an opportunity to amend his complaint on the sole claim of 2019 retaliation.

As a threshold matter, the court's dismissal of the 2019 discrimination claims stands.[3] Ocasio's amended complaint alleged that: "[Ocasio] complained to Spectrum Concessions of unfair and unequal labor practices during the 2015 Life is Beautiful Festival and ever since Defendant has black balled/red flagged Mr. Ocasio, and has refused to hire Mr. Ocasio in 2016 and every year since." ECF No. 15 at 4. The court found that "Ocasio fail[ed] to allege a 'fresh violation' that would restart the filing clock and cannot do so; the 2019 allegation is inextricably tied to Ocasio's claim that he was not rehired on the basis of discrimination after lodging a complaint during the 2015 festival." ECF No. 48 at 5. In moving for reconsideration, Ocasio argues that "the court made a fundamental mistake in determining that the claims of discrimination raised . . . . are not FRESH because Plaintiff applied again on August 19, 2019 and yes indeed starts a new action for discrimination." ECF No. 53 at 4. This is simply a rehashing of the arguments already considered and adjudicated by the court. A motion for relief from judgment or order "is not an avenue to re-litigate the same issues and arguments upon which the court has already ruled" (*Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005)), and Ocasio provides no newly discovered evidence, clear error, nor intervening change in controlling law here that would justify overturning the court's decision on that front.

The court, however, finds that Ocasio's new argument regarding his 2019 retaliation claim is plausible. He argues that "[t]he claim of Retaliation is Fresh because Plaintiff was not hired on August 19, 2019 irrespective of the past facts stemming from years of failing to hire and complaints of discrimination of 2015" because he complained again about discrimination in 2019. ECF No. 53 at 4–5. The amended complaint alleges: "In order to obtain employment or in the alternative shore up a new claim, Mr. Ocasio applied on August 19, 2019 for the same type of

---

[3] So too do the court's rulings on the 2016–2018 claims, although Ocasio does not protest those holdings because he asserts that he only seeks claims for 2019 and his allegations regarding events prior to 2019 were provided for background only. ECF No. 53 at 2.

4

employment, however this time he spoke directly with Adam Croner, the hiring manager about the past complaint of employment discrimination as state above. Adam Croner acted with deliberate indifference and again denied Mr. Ocasio['s] employment and told him he was red flagged never to be hired." ECF No. 15 at 4–5. The court agrees that, on these allegations, it is possible for Ocasio to state a "fresh" retaliation claim for 2019 because, unlike his 2016–2018 time-barred allegations where he alleges automatic denials based on a "red flag" generated from alleged discrimination in 2015, in 2019, Ocasio alleges that he complained anew about discrimination to the hiring manager prior to the hiring manager rejecting him. However, Ocasio still fails to state a claim for retaliation.

To establish a prima facie case of retaliation based on Title VII, a plaintiff must show: "(1) that he engaged in a protected activity, (2) that he suffered an adverse employment action, and (3) that there is a causal link between the two." *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1113 (9th Cir. 2003). Complaining about discrimination constitutes a protected activity and there is no dispute that Ocasio suffered an adverse employment action. However, Ocasio's amended complaint fails to state a claim for relief because it fails to allege a casual connection between his renewed complaint of discrimination and his denial of employment in 2019. In fact, as alleged, the complaint suggests that Croner failed to hire Ocasio *because* he was "red flagged never to be hired", and not in retaliation for making a discrimination complaint in 2019. For that reason, the court dismisses the 2019 retaliation claim without prejudice.

However, leave to amend should be granted unless it is inconceivable that a plaintiff could cure the deficiencies in his complaint. *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010) ("Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment."); *see also Contreras v. Toyota Motor Sales U.S.A. Inc.*, 484 F. App'x 116, 118 (9th Cir. 2012) ("Courts 'should freely give leave' to amend 'when justice so requires.'") (quoting Fed. R. Civ. P. 15(a)(2)). Because it is

unclear whether Ocasio can cure the deficiency in his 2019 retaliation claim, in an abundance of caution and in the interests of justice, the court will permit Ocasio to amend that claim.

Ocasio is cautioned that motions for reconsideration are not vehicles to relitigate old arguments or raise new ones. Going forward, Ocasio must raise and brief every argument he wishes the court to consider in the appropriate, first-instance briefing.

V. Conclusion

IT IS THEREFORE ORDERED that Ocasio's motion for relief from judgment or order **[ECF No. 53] is GRANTED in part and DENIED in part**. The court's dismissal of Ocasio's 2019 race and age discrimination claims stands. The court, however, grants Ocasio's motion regarding his 2019 retaliation claim; separately dismisses it for failure to state a claim; but permits Ocasio the opportunity file an amended complaint concerning his 2019 retaliation claim only. Ocasio has until June 7, 2014 to file a second amended complaint if he chooses.

IT IS FURTHER ORDERED that Ocasio's request for additional time to file a motion for relief from judgment or order **[ECF No. 51]** and defendants' motion to extend time to respond **[ECF No. 54] are GRANTED** *nunc pro tunc*.

Dated: May 23, 2024

_____
Cristina D. Silva
United States District Judge