UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Alexander Ocasio, | Case No.: 2:22-cv-02032-CDS-MDC |
| Plaintiff | **Order Striking Plaintiff's Motion to Dismiss and Denying Defendant's Motion as Moot** |
| v. | |
| Facility Concession Services, | [ECF Nos. 70, 71, 72] |
| Defendant | |

Plaintiff Alexander Ocasio and defendant Facility Concession Service d/b/a Spectrum Concessions ("Facility Concession") reached an agreement in principle to settle Ocasio's claims. ECF No. 68. As a result, the parties were ordered to file a stipulation of dismissal. ECF No. 69. However, instead of a stipulated dismissal, Ocasio filed a motion to dismiss and attached a copy of the parties' settlement agreement. ECF No. 70. Facility Concession now moves, under seal, to rescind, redact, or seal Ocasio's motion to dismiss arguing that the settlement agreement is a private contract and should remain confidential. ECF No. 71.

I.      Legal standard

"[T]he right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). As such, a litigant may request court records be sealed or redacted. *Id.* In the Ninth Circuit, there is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "A party seeking to seal judicial records can overcome the strong presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure." *Id.* If redaction is sufficient to protect a document's sensitive information, then sealing is disfavored. *Chaker-Delnero v. Nev. Fed. Credit Union*, 2021 U.S. Dist. LEXIS 140647, at *4 (D. Nev. July 28, 2021) (citing *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011)).

## II. Discussion

Facility Concession contends that the terms of the parties' settlement should not be publicly available. ECF No. 71 at 2. It asserts that the parties have maintained the confidentiality of the agreement and therefore its disclosure could promote embarrassment to the parties. *Id.* Facility Concession cites *Friedman v. United States*, 2020 U.S. Dist. LEXIS 70474, at *8 (D. Nev. Apr. 22, 2020), in which the court held that "the confidentiality of the Settlement Agreement outweighs the public's right to access" when "the parties reached a settlement and signed the Settlement Agreement in reliance on the condition that the terms of the Settlement Agreement would remain confidential." (citing *United Rentals, Inc. v. Ahern Rentals, Inc.*, 2012 WL 5418355, *1 (D. Nev. Nov. 2, 2012)). Facility Concession also seeks alternative options to sealing, such as rescinding the motion or redacting the settlement agreement from Ocasio's motion. ECF No. 71 at 3.

Here, I find that striking Ocasio's motion to dismiss in its entirety is the appropriate course of action because the parties have jointly stipulated to dismiss, requesting dismissal with prejudice. ECF No. 72. Once a defendant has filed an answer or a motion for summary judgment, an action may only be dismissed by either stipulation or an order of the court. Fed. R. Civ. P. 41(a)(1). Further, once the stipulation between the parties who have appeared is properly filed, no order of the court is necessary to effectuate dismissal. Fed. R. Civ. P. 41(a)(1)(A)(ii). Case law concerning stipulated dismissals is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval. *Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999).

Conclusion

It is ordered that Ocasio's motion to dismiss **[ECF No. 70] is stricken**, therefore Facility Concession's motion to rescind, redact, or in the alternative to seal **[ECF No. 71] is denied as moot**. The Clerk of Court is kindly instructed to unseal[1] the motion at ECF No. 71.

Because the parties have filed a stipulation of dismissal of this case **[ECF No. 72]** that is signed by all who have appeared, this case has terminated.

Dated: September 10, 2024

_____
Cristina D. Silva
United States District Judge

---

[1] The settlement agreement is discussed in such a general manner that it is difficult to see how unsealing Facility Concession's motion could result in harm or justify denying public access to it. Mere reference alone does not establish compelling reasons or good cause to maintain the seal—and Facility Concession has provided no developed argument to seal the filing.